JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:    (323) 488-6748

Attorney for Plaintiff
Brand Surgical Institute

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Brand Surgical Institute, | Case No.: 2:21-cv-08642-AB |
|---|---|
| Plaintiff, | *Assigned to the Honorable Judge Andre Birotte Jr.* |
| v. | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| Aetna Life Insurance Co. and DOES 1-10, | |
| Defendants. | Date:          January 28, 2022 Time:          10:00 a.m. Courtroom: 7B |
| | Complaint Filed: August 5, 2021 |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................. 1

II.  LEGAL STANDARD ......................................................................... 4

III. ARGUMENT ...................................................................................... 4

A.  Defendant's ERISA Arguments Do Not Establish Preemption Of Medical Provider's Negligent Misrepresentation Cause Of Action or Promissory Estoppel Cause of Action .................................................................................... 4

B.  Arguing Alternative Facts Is A Well Accepted Form Of Pleading ................. 8

C.  Medical Provider Has A Valid Negligent Misrepresentation Cause Of Action. ............................................................................................................... 11

D.  Medical Provider Has A Valid Promissory Estoppel Cause Of Action. ........ 15

E.  The Statute Of Limitations Has Not – And Cannot Be Proven To Have – Accrued ............................................................................................................ 16

1. Medical Provider's Promissory Estoppel and Negligent Misrepresentation causes of action have a three-year statute of limitations. ............................ 16

a. *Medical Provider's Negligent Misrepresentation cause of action has a three-year statute of limitations and is not barred by the statute of limitations.* ........................................................................................... 17

b. *Medical Provider's Promissory Estoppel cause of action has a three-year statute of limitations and is not barred by the statute of limitations.* ........................................................................................... 18

2. From the pleading it cannot be proven when the Statute of Limitations began to run or would fully accrue. ..................................................................... 19

IV. CONCLUSION ................................................................................ 22

# TABLE OF AUTHORITIES

CASES

*Aetna Health Inc. v. Davila*
   542 U.S. 200 (2004) .........................................................................................4, 5

*Agair, Inc. v. Shaeffer*
   232 Cal. App. 2d 513 (1965).................................................................................16

*Apparel City Sewing Mach. Co. v. Transamerica Ins. Grp.*
   129 Cal. App. 3d 400 (1982)................................................................................14

*Aryeh v. Canon Bus. Sols., Inc.*
   55 Cal. 4th 1185 (2013).......................................................................................17

*Barlow Respiratory Hospital v. Carefirst of Maryland, Inc.* 2
   014 WL12573394 (C.D. Cal. June 24, 2014) ......................................................16

*Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*
   187 F.3d 1045 (9th Cir. 1999)................................................................................4

*Broberg v. The Guardian Life Ins. Co. of Am.*
   171 Cal. App. 4th 912 (2009).........................................................................17, 19

*Cal. Spine & Neurosurgery Inst. v. United Healthcare Servs.*
   2018 U.S. Dist. LEXIS 225961 (C.D. Cal. June 28, 2018) .......................3, 14, 16

*Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*
   118 F. Supp. 2d 1002 (C.D. Cal. 2000)...................................................12, 13, 15

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*
   497 F.3d 972 (9th Cir. 2007)..............................................................................3, 4

*Centre for Neuro Skills v. Blue Cross of Cal.*
   2013 WL 5670889 (E.D. Cal. Oct. 15, 2013) ......................................................21

*Coleman v. Standard Life Ins. Co.*
   288 F. Supp. 2d 1116 (E.D. Cal. 2003)...............................................................3, 8

*Comm. for Green Foothills v. Santa Clara Cnty. Bd. of Supervisors*

-ii-

48 Cal.4th 32 (2010)........................................................................20, 21

*Doctors Med. Ctr. of Modesto, Inc. v. Principal Life Ins. Co.*

2011 U.S. Dist. LEXIS 40576 (E.D. Cal. Apr. 14, 2011).......................11, 12, 14

*E-Fab, Inc. v. Accountants, Inc. Services*

153 Cal. App. 4th 1308 (2007)...........................................................18

*Ferguson v. JPMorgan Chase Bank, N.A.*

2014 U.S. Dist. LEXIS 70013 (E.D. Cal. May 20, 2014)............................18, 19

*Fleet v. Bank of America N.A.*

229 Cal. App. 4th 1403 (2014)...........................................................8

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*

2013 U.S. Dist. LEXIS 190703 (C.D. Cal. Mar. 12, 2013)...................................4

*Fossen v. Blue Cross & Blue Shield of Mont.*

660 F.3d 1102 (9th Cir. 2011)...........................................................5

*Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*

538 F.3d 594 (7th Cir. 2008)...........................................................5

*Hensler v. City of Glendale*

8 Cal. 4th 1, 22 (1994)...........................................................16

*Hernandez v. Select Portfolio Servicing, Inc.*

2016 U.S. Dist. LEXIS 23296 (C.D. Cal. Feb. 24, 2016)...................................17

*In re Out of Network Substance Use Disorder Claims Against Unitedhealthcare*,

2020 U.S. Dist. LEXIS 153773 (C.D. Cal. July 29, 2020)...................................4

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*

581 F.3d 941 (9th Cir. 2009)...........................................................5, 7, 8

*McCalden v. Cal. Library Ass'n*

955 F.2d 1214 (9th Cir. 1992)...........................................................8

*McGary v. City of Portland*

386 F.3d 1259 (9th Cir. 2004)...........................................................4

*Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*

   904 F.2d 236 (5th Cir. 1990)..........................................................................2, 6, 9

*Misic v. Building Serv. Emps. Health & Welfare Trust*

   789 F.2d 1374 (9th Cir. 1986)...................................................................................5

*Morris B. Silver M.D., Inc. v. Internat'l Longshore & Warehouse Union*

   2 Cal. App. 5th 793 (2016)..................................................................................2, 4

*Nationwide DME, LLC v. Cigna Health & Life Ins. Co.*

   136 F. Supp. 3d 1079 (D. Ariz. 2015)...................................................................6, 9

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*

   6 Cal. App. 5th 1207 (2016)...................................................................................18

*Migliore v. Mid-Century Ins. Co.*

   97 Cal. App. 4th 592 (2002)...................................................................................20

*Moreno v. Wells Fargo Home Mortg.*

   2014 U.S. Dist. LEXIS 159349 (E.D. Cal. Nov. 12, 2014)....................................19

*Pacific Bay Recovery, Inc. v. Cal. Physicians' Servs, Inc.*

   12 Cal. App. 5th 200 (2017).......................................................................12, 13, 14

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*

   522 F.3d 1049 (9th Cir. 2008).................................................................................18

*Prime Healthcare Servs., Inc. v. Humana Ins. Co.*

   230 F. Supp. 3d 1194 (C.D. Cal. 2017).......................................................12, 13, 14

*Prudential-LMI Com. Ins. v. Superior Court*

   51 Cal.3d 674 (1990)..............................................................................................20

*Regents of Univ. of Cal. v. Principal Fin. Grp.*

   412 F. Supp. 2d 1037 (N.D. Cal. 2006) .................................................................16

*Roman v. Cnty. of Los Angeles*

   85 Cal.4th 316 (2000).............................................................................................20

*Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*

   2018 U.S. Dist. LEXIS 91331 (N.D. Cal. May 31, 2018) ............................*passim*

*Singh v. Allstate Ins. Co.*

    63 Cal. App. 4th 135 (1998)..........................................................................20

*Souza & McCue Constr. Co. v. Superior Court*

    57 Cal.2d 508 ...............................................................................................17

*Stemedica Cell Techs., Inc. v. Abdulaziz Bin Mohammed*

    2020 U.S. Dist. LEXIS 111679 (S.D. Cal. June 25, 2020).....................3, 17, 19

*Stoner v. Santa Clara Cnty. Office of Educ.*

    502 F.3d 1116 (9th Cir. 2007)...................................................................4, 22

*Stueve Bros. Farms, LLC v. Berger Kahn*

    222 Cal.4th 303 (2013)...............................................................................19

*Summit Estate, Inc. v. United Healthcare Ins. Co.*

    2020 U.S. Dist. LEXIS 166721 (N.D. Cal. Sep. 10, 2020) ...................................4

*Supermail Cargo, Inc. v. United States*

    68 F.3d 1204 (9th Cir. 1995).......................................................................21

*Tenet Healthsystem Desert, Inc. v. Blue Cross of Cal.*

    245 Cal. App. 4th 821 (2016)...................................................................12, 14

*The Meadows v. Emp'rs Health Ins.*

    47 F.3d 1006 (9th Cir. 1995)....................................................................3, 4, 5

*Toscano v. Greene Music*

    124 Cal. App. 4th 685 (2004)......................................................................15

*Van Ness v. Blue Cross of Cal.*

    87 Cal. App. 4th 364 (2001)........................................................................14

*Ventura County Nat'l Bank v. Macker*

    49 Cal. App. 4th 1528 (1996).......................................................................18

*Vishva Dev, M.D., Inc. v. Blue Shield of Cal. Life & Health Ins. Co.*

    2 Cal. App. 5th 1218 (2016).........................................................................20

STATUTES

29 U.S.C § 1001.............................................................................................1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29 U.S.C § 1132(a) (502) ................................................................4, 5, 7

29 U.S.C § 1144(a) (514) ...................................................................2, 4

FEDERAL RULES

Fed. R. Civ. P. 8(e)(2).....................................................................3, 8, 9

OTHER AUTHORITY

Weil & Brown, CAL. PRAC. GUIDE: CAL. CIV. PRO. BEFORE TRIAL (The Rutter

    Group 2015) ¶7:50 ............................................................................19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Brand Surgical Institute ("Plaintiff" or "Medical Provider") provided quality of life preserving procedures for four patients ("Patients"). These Patients were members and insurance policyholders of insurance provided through Aetna Life Insurance Co. ("Defendant"). These Patients independently sought out Medical Provider's facilities for Medical Provider's excellence, relying on Medical Provider to restore and improve their quality of life. Medical Provider delivered.

Prior to providing facilities, Medical Provider contacted Defendant to determine the manner in which Defendant pays for medical services. Medical Provider specifically asked Defendant to state Defendant's payment rate for a given set of specific procedure codes. Defendant stated and represented that the payment rate was usual, customary and reasonable ("UCR"). Also, Medical Provider asked Defendant to state whether or not the payment rate would be based on a Medicare Fee Schedule. Defendant stated that the payment rate was not based on a Medicare Fee Schedule. After obtaining these statements and representations of fact, Medical Provider proceeded to provide medical services to the Patients with the understanding that the statements and representations made by Defendant to Medical Provider were in fact true.

At no time was Medical Provider aware that Defendant was making representations based on a health plan document or any other document let alone one governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C § 1001, *et seq.* ("ERISA").[1] There was no way to know for certain whether or not Patients even had insurance other than Defendant's

---

[1] Medical Provider's initial Complaint indicates no knowledge about the ERISA status of the health plans at issue. Because as was alleged in the Complaint and is alleged in the First Amended Complaint, Medical Provider was never provided with a copy of the Patients' health plan documents.

- 1 -

representations of this fact. It is Medical Provider's belief that Defendant knew or reasonably should have known that at the time of the communications between the parties Defendant was making false statements of fact. Medical Provider then relied on these false statements of fact to its detriment. As a result, Medical Provider filed this suit.

Defendant seeks to avoid the repercussions of its false representations and statements by arguing that Medical Provider's negligent misrepresentation and promissory estoppel causes of action are preempted by ERISA, are inconsistent with Medical Provider's third cause of action for benefits under 29 U.S.C. §1132 (a)(1)(B), cannot be asserted when based on a verification, and are barred by the statute of limitations.

Defendant is wrong. Defendant is wrong as to its ERISA argument not just because Defendant fails to even specify which of ERISA's preemptive powers would apply here[2], but because they fail to appropriately apply any ERISA analysis to the facts alleged in the First Amended Complaint ("FAC"). *See Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, 2018 U.S. Dist. LEXIS 91331, at *51 (N.D. Cal. May 31, 2018) (holding both that negligent misrepresentation and promissory estoppel causes of action like Medical Provider's are not preempted by ERISA); *see also Morris B. Silver M.D., Inc. v. Int'l Longshore & Warehouse Union,* 2 Cal. App. 5th 793, 806-807 (2016) (holding claims asserted by a medical provider based on an insurers representations are not preempted by ERISA.); *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co*., 904 F.2d 236, 250 (5th Cir. 1990) ("It has brought this state law action in its independent status as a hospital, and **Echols' assignment of benefits is <u>irrelevant</u>** to

---

[2] There are two forms of ERISA preemption ERISA section 502(a), 29 U.S.C § 1132(a) ("Section 502") and ERISA section 514(a), 29 U.S.C § 1144(a) ("Section 514"). Defendant fails to discuss other than to passingly reference both types of preemption in its introduction, which of ERISA's pre-emptive powers it wants to argue.

Memorial's right to recover.") (emphasis added) (cited with approval by multiple Ninth Circuit decisions including *The Meadows v. Emp'rs Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995) and *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters* ("*Cedars/National*"), 497 F.3d 972, 978 (9th Cir. 2007)). Further, Defendant is wrong that a plaintiff at the pleading stage must allege consistent facts and avoid alternative theories of liability. *See Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1119 (E.D. Cal. 2003) ("When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.) (quoting Federal Rule of Civil Procedure 8(e)(2))[3]. And, Defendant is wrong that a verification cannot serve as the basis for a negligent misrepresentation or promissory estoppel claim. *See Salinas*, 2018 U.S. Dist. LEXIS 91331, at *51; *Cal. Spine & Neurosurgery Inst. v. United Healthcare Servs.*, 2018 U.S. Dist. LEXIS 225961, at *12 (C.D. Cal. June 28, 2018). Finally, Defendant is wrong that a two year statute of limitations would apply and bar Medical Provider's claims as Medical Provider's claims are rooted in Defendant's false representations and potential fraud, not negligence. *See Stemedica Cell Techs., Inc. v. Abdulaziz Bin Mohammed*, 2020 U.S. Dist. LEXIS 111679, at *12 (S.D. Cal. June 25, 2020) ("Plaintiff's intentional misrepresentation, promissory fraud, promissory estoppel, and negligent misrepresentation claims are subject to a three-year statute of limitations.").

Plaintiff Medical Provider respectfully requests that this Court deny Defendant's motion.

---

[3] Rule 8(e)(2) was stylistically changed in 2010 but the past rule remains in operation. USCS Fed Rules Civ Proc R 8 ("The language of Rule 8 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.").

## II.   LEGAL STANDARD

For the purpose of reviewing a complaint upon a motion to dismiss, "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1121 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)).

## III.   ARGUMENT

### A. Defendant's ERISA Arguments Do Not Establish Preemption Of Medical Provider's Negligent Misrepresentation Cause Of Action or Promissory Estoppel Cause of Action.

There are two forms of ERISA preemption, Section 502 and Section 514. Defendant does not state which of these it is asserting. However, Medical Provider assumes based on Defendant's multiple citations to *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) that Defendant is asserting preemption based on Section 502. *See* Mot. 8:23-10:8.[4]

"Complete preemption under § 502(a) is 'really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely

---

[4] Even were Defendant asserting a preemption defense based on Section 514, Defendant's arguments would still be without merit in our factual scenario. *See Summit Estate, Inc. v. United Healthcare Ins. Co.*, 2020 U.S. Dist. LEXIS 166721, at *7 (N.D. Cal. Sep. 10, 2020); *In re Out of Network Substance Use Disorder Claims Against Unitedhealthcare*, 2020 U.S. Dist. LEXIS 153773, at *13-14 (C.D. Cal. July 29, 2020); *See Salinas*, 2018 U.S. Dist. LEXIS 91331, at *51; *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2013 U.S. Dist. LEXIS 190703, at *27 (C.D. Cal. Mar. 12, 2013); *Cedars/National*, 497 F.3d at, 978; *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1053-1054 (9th Cir. 1999); *The Meadows*, 47 F.3d at 1008; *see also Silver*, 2 Cal. App. 5th at 806-807.

replace any state-law claim.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (quoting *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008)). In the instance where it is employed as a defense the analysis is the same as that employed to the jurisdictional analysis. *See Fossen v. Blue Cross & Blue Shield of Mont.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (employing the same *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) test used also in *Marin* to determine whether or not a federal court has subject matter jurisdiction).

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) sets forth a two-prong test which is applied by *Marin* to determine whether a state law cause of action is completely preempted. "[I]f an individual, at some point in time, could have brought his claim under ERISA §502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA §502(a)(1)(B)." *Davila*, 542 U.S. 200, 210.

The first *Davila* prong requires that "an individual, at some point in time, could have brought his claim under ERISA §502(a)(1)(B)." It has long been established and documented that the only way a third-party medical provider's suit can be derivative of a plan participant is if the medical provider brings its suit against the plan **solely** as an assignee of the patient/participant. *See The Meadows,* 47 F.3d at 1008 (citing to *Misic v. Building Serv. Emps. Health & Welfare Trust,* 789 F.2d 1374, 1378) (9th Cir. 1986) (explaining that in *Misic* the medical provider filed suit based on an assignment and only because that was the **sole** basis for the medical provider's claim did the court find his claims to be preempted). Bringing a claim based on an assignment and bringing a claim based on separate state law causes of action does not cause the state law causes of action to be preempted.[5] *See*

---

[5] Defendant may argue and does argue in other sections within its motion that because Medical Provider has an assignment its state law claims cannot exist either

- 5 -

(Continued)

1 *Mem'l,* 904 F.2d at 250 ("It has brought this state law action in its independent

2 status as a hospital, and **Echols' assignment of benefits is <u>irrelevant</u>** to

3 Memorial's right to recover.") (emphasis added).

4   Medical Provider expressly states here that its negligent misrepresentation

5 and promissory estoppel claims are not based on an assignment from the Patients.

6 "Medical Provider relied and provided services solely based on DEFENDANT's

7 statements, promises and representations. Statements which had no relation to

8 DEFENDANT and Patient's plan document, as the statements may or may not have

9 been based in the DEFENDANT or Patient's plan documents, but that bore no

10 consideration when Medical Provider agreed to provide medical services." FAC ¶¶

11 42, 69, 98, 127.

12   Medical Provider has no method of bringing suit as an individual provider

13

14 _____

(Continued)

15 because they contradict each other or because as would be Defendant's argument
here they are preempted by ERISA. In both *Mem'l* and *Nationwide DME, LLC v.*

16 *Cigna Health & Life Ins. Co.*, 136 F. Supp. 3d 1079, 1085-86 (D. Ariz. 2015), the
courts explained that a medical provider can bring suit on two separate rights and

17 the state law causes of action are not subsumed by the mere fact that the medical

18 provider has an assignment or is seeking redress also based on the assignment.

19     "In the present case, Nationwide is acting in two
capacities, one involving an ERISA-regulated relationship

20     and one not. First, Nationwide is acting as the assignee of
individuals' claims under their ERISA plans. It is in that

21     capacity that Nationwide has asserted its ERISA claims.
Nationwide's actions in that capacity will, of course, have

22     a direct impact on an ERISA-regulated relationship, *i.e.*,
plan and plan member. But Nationwide is also suing on

23     its own behalf, as a third-party supplier of medical
equipment. It is in that capacity that Nationwide is

24     bringing its state-law claims. The relationship between a
medical supply company and a claims administrator does

25     not qualify as an ERISA-regulated relationship."

26

27 *Nationwide*, 136 F. Supp. 3d at 1085-86.

28

under §502(a)(1)(B), as Medical Provider is simply not an ERISA entity. The first prong of *Davila* cannot be satisfied and, for that reason alone, there is no Section 502 preemption.

The second prong of *Davila* requires that "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. 200, 210. "Under this prong, we ask only whether 'there is no other independent legal duty that is implicated' by defendant's actions. We do not ask whether that legal duty provides for a similar remedy, such as the payment of money." *Marin,* 581 F.3d 941, 950. A state law claim, made by a party not included in an ERISA plan, does not rely on and is independent of any duty under an ERISA plan. *See id.* at 949 ("In the suit now before us, the Hospital asserts state-law claims. These claims do not rely on, and are independent of, any duty under an ERISA plan.").

Here, Medical Provider asserts a state law cause of action and Medical Provider is not seeking to step into the shoes of the Patients with respect to its negligent misrepresentation and promissory estoppel claims. *See* FAC ¶¶ 42, 69, 98, 127 ("Medical Provider relied and provided services solely based on DEFENDANT's statements, promises and representations."). This is why Medical Provider specifically argues in the alternative. *See* FAC ¶¶ 20, 43 70, 99, 128. Whether the representations made by Defendant can be found in the plan or whether there is a plan at all is irrelevant to Medical Provider's negligent misrepresentation and promissory estoppel causes of action. Defendant's representations were the reason Medical Provider provided services. *See* FAC ¶¶ 42, 69, 98, 127. Therefore, Medical Provider's negligent misrepresentation and promissory estoppel causes of action "would exist whether or not an ERISA plan existed, they are based on 'other independent legal duties' within the meaning of *Davila.*" *Marin,* 581 F.3d at 950.

Defendant provides no on point authority for its preemption argument but nonetheless does what many others have before and argues that because the plaintiff acknowledges there is a health plan and that the patient has insurance it must

1 necessarily be the case that any of the plaintiff's causes of action are preempted by

2 ERISA. Mot. 10:10-11:1.

3     No matter how presented and spun the facts that support Medical Provider's

4 negligent misrepresentation and promissory estoppel causes of action establish that

5 the causes of action are not preempted by ERISA. *See Marin,* 581 F.3d at 950.

6     Defendant's ERISA preemption argument is without merit.

7       **B. Arguing Alternative Facts Is A Well Accepted Form Of Pleading.**

8     "The modern practice allows [a] party to plead in the alternative and make

9 inconsistent allegations." *Fleet v. Bank of America N.A.*, 229 Cal. App. 4th 1403,

10 1413 (2014). "Our circuit has held that 'in light of the liberal pleading policy

11 embodied in Rule 8(e)(2) . . . a pleading should not be construed as an admission

12 against another alternative or inconsistent pleading in the same case.'" *Coleman v.*

13 *Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1119 (E.D. Cal. 2003) (quoting

14 *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1992)).

15     Federal Rule of Civil Procedure 8(e)(2) provides in full:

16         A party may set forth two or more statements of a claim

17         or defense *alternately or hypothetically*, either in one

18         count or defense or in separate counts or defenses. When

19         two or more statements are made in the alternative and

20         one of them if made independently would be sufficient,

21         the pleading is not made insufficient by the insufficiency

22         of one or more of the alternative statements. A party may

23         also state as many separate claims or defenses as the party

24         has *regardless of consistency* and whether based on legal,

25         equitable, or maritime grounds.

26 Fed. R. Civ. P. 8(e)(2) (emphasis in original).

27     Medical Provider asserts in the FAC a right to proper payment either based

28 on Medical Provider's own individual rights and interactions with Defendant or in

the alternative based on the assignment of rights and benefits Medical Provider received from the Patients. Medical Provider acknowledges that the negligent misrepresentation and promissory estoppel causes of action are potentially in contradiction to Medical Provider's claim for benefits under ERISA in that they could result in a double recovery were Medical Provider able to prevail on both counts. However, Medical Provider is not seeking a double recovery or to prevail on both counts. For Medical Provider, the success of one avenue of recovery would preclude the other. Medical Provider is merely seeking to be paid once but correctly. It is not unusual for a court to allow for a medical provider to proceed in this manner in our very factual scenario. *See*  have allowed medical providers to proceed in this manner. *See Mem'l*, 904 F.2d at 250 ("It has brought this state law action in its independent status as a hospital, and **Echols' assignment of benefits is <u>irrelevant</u>** to Memorial's right to recover.") (emphasis added); *Nationwide*, 136 F. Supp. 3d at 1085-86 (holding that a medical provider can bring claims based on both its own individual communications with the insurer as well as the rights assigned by the patient.).

Defendant ignores rule Fed. R. Civ. P. 8(e)(2) and argues that Medical Provider's causes of action and facts are inconsistent and contradictory and so Medical Provider's negligent misrepresentation and promissory estoppel causes of action are invalid. Mot. 10:10-11:16. Defendant argues that Medical Provider could not rely on Defendant's statements because the Patients had already assigned their rights to Medical Provider and "[Medical Provider] would have known that the Patients' plans included the controlling benefit terms for out-of-network facilities... *See id.*

Defendant's argument runs in direct contradiction to the caselaw and to Fed. R. Civ. P. 8(e)(2). Additionally, even if the argument were not inappropriate based on Fed. R. Civ. P. 8(e)(2) (which it is), the argument is also wrong in terms of the factual description of the events in the FAC.

- 9 -

Defendant's argument is premised on assumptions which can in no way be obtained from the facts alleged in the FAC. Defendant assumes Medical Provider knew what was in the health plan documents or had a copy of the plan documents, Defendant assumes Medical Provider would have provided the services no matter what the payment rate was in the health plan documents, and most importantly Defendant assumes that Medical Provider would have provided services to the Patients whether or not Medical Provider received the representations from Defendant because Medical Provider had an assignment from the Patients in connection with the Patient's rights under their health plan. Mot. 11:8-11:16.

All of Defendant's assumptions cannot be found in the FAC and are entirely wrong. The FAC makes clear: "Medical Provider relied and provided services solely based on DEFENDANT's statements, promises and representations. Statements which had no relation to DEFENDANT and Patient's plan document, as the statements may or may not have been based in the DEFENDANT or Patient's plan documents, but that bore no consideration when Medical Provider agreed to provide medical services." FAC ¶¶ 42, 69, 98, 127.

Further, Medical Provider had no idea what was in the health plan documents. Medical Provider did not have a copy of the documents. Medical Provider did not know what the payment rate would be according to the documents. Medical Provider did not know if there was an anti-assignment provision in the documents which Defendant might assert to prevent Medical Provider from being paid in accordance with the documents.[6] FAC. ¶¶ 42, 69, 98, 127 ("as the statements may or may not have been based in the DEFENDANT or Patient's plan documents, but that bore no consideration when Medical Provider agreed to provide medical services. Medical Provider took DEFENDANT at their word and

_____

[6] Defendant has already indicated that there is an anti-assignment provision that Defendant will be asserting later in this case as a defense to Medical Provider's alternative argument for payment under the terms of the health plan.

-10-

1   promises...").

2        Defendant's inconsistent facts argument misstates the facts as alleged in the

3   FAC and contradicts the law. Defendant's argument fails.

4        **C. Medical Provider Has A Valid Negligent Misrepresentation Cause**

5            **Of Action.**

6        "The elements of negligent misrepresentation are (1) the misrepresentation of

7   a past or existing material fact, (2) without reasonable ground for believing it to be

8   true, (3) with intent to induce another's reliance on the fact misrepresented, (4)

9   justifiable reliance on the misrepresentation, and (5) resulting damage." *Doctors*

10  *Med. Ctr. of Modesto, Inc. v. Principal Life Ins. Co.*, 2011 U.S. Dist. LEXIS 40576,

11  at *53-54 (E.D. Cal. Apr. 14, 2011).

12       Medical Provider asserts two misrepresentations by Defendant. The first is

13  that Defendant falsely represented that Defendant pays for claims at the UCR rate.

14              32. Medical Provider asked: does Defendant pay based on
15              UCR for procedure codes 30520, 30140 and other similar
                codes within the same family?

16              33. Defendant represented to Medical Provider that
17              Defendant pays the UCR rate.

18  E.g., FAC ¶¶ 32-33.

19  The second is that Defendant falsely represented that it does not pay for claims

20  based on a Medicare rate.

21              34. Medical Provider asked: does Defendant pay based on
                a Medicare Fee Schedule for procedure codes 30520,
22              30140 and other similar codes within the same family?

23              35. Defendant represented to Medical Provider that
                payment would not be based on the Medicare Fee
24              Schedule.

25  E.g., FAC ¶ 34-35.

26       The misrepresentations as alleged in the FAC satisfy the elements of a

27  negligent misrepresentation cause of action. *See Salinas*, 2018 U.S. Dist. LEXIS

28  91331, at *50-51 ("The complaint alleges that, in phone calls to verify/approve

    coverage for several Rocket Farms patients, defendants (falsely) represented to the

1   Hospital that the Plan would cover 70% of the patient's medical bills, up to
2   $21,666, after which it would cover 100%—and failed to disclose that payments
3   under the Plan would actually be capped at 140% of Medicare."); *see also Tenet*
4   *Healthsystem Desert, Inc. v. Blue Cross of Cal.,* 245 Cal. App. 4th 821 (2016).

5         Defendant argues that verification calls can never serve as the basis for
6   negligent misrepresentation cause of action. Mot. 11:17-18. Defendant attempts to
7   support this argument by citing to three cases, *Cedars Sinai Med. Ctr. v. Mid-West*
8   *Nat'l Life Ins. Co.*, 118 F. Supp. 2d 1002 (C.D. Cal. 2000) ("*Cedars Mid-West*"),
9   *Pacific Bay Recovery, Inc. v. Cal. Physicians' Servs, Inc.* ("*Pacific Bay*"), 12 Cal.
10   App. 5th 200 (2017) and *Prime Healthcare Servs., Inc. v. Humana Ins. Co*., 230 F.
11   Supp. 3d 1194 (C.D. Cal. 2017).

12         Defendant's argument is entirely incorrect. Numerous cases have found that
13   a negligent misrepresentation cause of action can be based on a verification call.
14   *See e.g. Doctors*, 2011 U.S. Dist. LEXIS 40576, at *55-57; *Salinas*, 2018 U.S. Dist.
15   LEXIS 91331, at *51; *Tenet*, 245 Cal. App. 4th at 845.

16         Further, the cases cited by Defendant provide Defendant with no support.
17   First, *Pacific Bay* does not address negligent misrepresentation at all.[7] Nor does
18   *Pacific Bay* in any way indicate that a verification call could not be sufficient to
19   establish a cause of action against an insurer. Rather, *Pacific Bay* merely indicates
20   that where a medical provider only alleges that "it was **led to believe** it 'would be

21         [7] The primary issue addressed in *Pacific Bay* related to a medical provider
22   seeking payment pursuant California Health & Safety Code section 1340 *et seq.*,
    commonly known as the Knox Keene Act.  It did not involve a situation where a
23   provider was seeking payment pursuant to its direct interaction with a payor of
    insurance and the contractual causes of action that might result from those
24   interactions. Pacific Bay was seeking payment at the UCR rate not based on the
    specific promises made to it but based on the Knox Keene Act. *See Pacific Bay,* 12
25   Cal. App. 5th at 208 ("In its opening brief, Pacific Bay echoes paragraph 24's
    allegations, contending that Blue Shield was required to reimburse Pacific Bay's
26   claims under section 1300.71 subdivision (a)(3)(B) of title 28 of the California
    Code of Regulations, [in other words reimbursed at the reasonable and customary
27   rate].").
28

paid a portion or percentage of its total billed charges, which charges correlated with usual, customary and reasonable charges," that is insufficient to establish an implied contract cause of action. *Pacific Bay,* 12 Cal. App. 5th at 215 (emphasis added).

Here, Medical Provider is not alleging an implied contract cause of action and Medical Provider provides very detailed and specific allegations about what Defendant represented or misrepresented. Here, Medical Provider is not alleging it was **led to believe** anything. Medical Provider specifically alleges what was said and what was relied upon.

Second, in *Cedars Mid-West*, a case which was decided at summary judgment and not at the pleading stage, the court found that the plaintiff's negligent misrepresentation cause of action was **sufficient** to proceed beyond summary judgment. *Cedars Mid-West*, 118 F. Supp. 2d at 1012 (C.D. Cal. 2000).[8]

Lastly, in *Prime Healthcare* at no time did the court take the position that a verification call was an insufficient basis for a negligent misrepresentation cause of action. The court's order never even uses the word verification. The reason the court dismissed the medical provider's cause of action was because of the dearth of facts alleged by the provider. *See Prime Healthcare,* 230 F. Supp. 3d at 1207-1208.

Here, Medical Provider provides particular facts from the calls with Defendant. Medical Provider provides the specific dates and time for the calls and the names of the people on the calls. *See* e.g., FAC ¶ 28. Medical Provider provides a reference number for the call. *See* e.g., FAC ¶ 29. Medical Provider provides the

---

[8] *Cedars* does indicate that a single verification alone is likely insufficient to establish an oral contract cause of action but that was only because Cedars' own expert in the case admitted that a verification was not sufficient to establish an oral contract. *See* 118 F. Supp. 2d at 1008. Here, we are not at summary judgment, Medical Provider is not asserting an oral contract cause of action and neither Medical Provider nor Medical Provider's expert has opined that a verification is insufficient to establish any cause of action.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

specific payment rates for the specific procedure codes relating to the specific procedures that were provided to each Patient. *See* e.g., FAC ¶¶ 30-35. The facts as they are alleged here are in lockstep with those alleged in *Doctors*, *Salinas*, and *Tenet*. They go well beyond anything found in any of the cases cited by Defendant including *Prime Healthcare*.

Verification calls when there is sufficient information obtained during the calls (as was the case here) absolutely can serve as the basis for a negligent misrepresentation cause of action.

Via *Pacific Bay*, Defendant makes another argument that UCR is not a valid price term and on that basis Medical Provider's cause of action should fail. Mot. 13:24-14:6. Defendant is wrong and its argument is entirely insincere. Defendant themselves use the term UCR or the like in its health plans. *See* FAC ¶ 17. Medical Provider even explains in the FAC that Defendant and Medical Provider understand UCR to mean the same thing i.e. a payment based on Fair Health's database. *See* FAC ¶ 17.[9]

Moreover, UCR is considered a definite term within our jurisprudence. *See Cal. Spine*, 2018 U.S. Dist. LEXIS 225961, at *12 (holding, in response to United's argument that *Pacific Bay* establishes that UCR is not a definite price term, that "a promise of payment at the UCR rate is sufficiently clear and definite.")*; Van Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364, 375 n.4 (2001) (quoting *Apparel City Sewing Mach. Co. v. Transamerica Ins. Grp.*, 129 Cal. App. 3d 400, 407 (1982)) (allowing the use of a price term simply referred to as "allowed" ). **And**, UCR is defined as a price term by the United States government. FAC ¶ 14 (quoting healthcare.gov's definition of UCR as a payment rate used throughout the medical insurance industry).

---

[9] Defendant conveniently did not attach full copies of the Patients' health plans and specifically omitted the portions that discuss the manner in which claims are paid so that it could make this insincere argument.

Medical Provider presents a valid negligent misrepresentation cause of action and Defendant's arguments should be denied.

### D. Medical Provider Has A Valid Promissory Estoppel Cause Of Action.

"The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages 'measured by the extent of the obligation assumed and not performed.'" *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004) (citations omitted). Medical Provider has pleaded each element.

Defendant made two promises upon which Medical Provider relied to its detriment and was ultimately damaged. Defendant first promised that the payment rate for the specific procedure codes discussed on each call is and was UCR. E.g., FAC ¶¶ 32-33. Defendant then promised that the payment rate would not be based on a Medicare Fee Schedule. *See* e.g., FAC ¶¶ 34-35. Medical Provider relied on these statements of fact/promises and went forward to provide the medical services for the Patients. *See* e.g., FAC ¶ 42. Medical Provider has been damaged in receiving payment at a Medicare rate which is far less than the UCR rate promised/stated by Defendant. *See* FAC ¶¶ 54-55.

Defendant combines and makes the same arguments with respect to both Medical Provider's promissory estoppel and negligent misrepresentation causes of action. For all of the reasons discussed above Defendant's arguments are without merit.

They are wrong here as well for the additional reason that Defendant fails to cite to even one case which supports a finding against a promissory estoppel cause of action brought by any medical provider let alone one who alleges the facts as they are presented here. On the other hand, at least one of the cases Defendant cites, *Cedars Mid-West*, finds in favor of the Medical Provider's estoppel cause of action. *See,* 118 F. Supp. 2d at 1012-1013. This can be added to the numerous cases which have found that the factual scenario alleged here is sufficient for a promissory

-15-

estoppel argument. *See e.g., Cal. Spine*, 2018 U.S. Dist. LEXIS 225961, at *12; *Barlow Respiratory Hospital v. Carefirst of Maryland, Inc.*, 2014 WL12573394 at *6 (C.D. Cal. June 24, 2014); *Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037, 1046 (N.D. Cal. 2006).

Medical Provider presents a valid promissory estoppel cause of action and Defendant's arguments should be denied.

### E. The Statute Of Limitations Has Not – And Cannot Be Proven To Have – Accrued.

Medical Provider filed suit on August 5, 2021, in connection with medical services provided on August 4, 2018, June 6, 2019, December 13, 2019, and December 7, 2020. The statute of limitations for both Medical Provider's promissory estoppel and negligent misrepresentation causes of action is three years not two as argued by Defendant and Medical Provider did not receive notice from Defendant that Defendant would not be paying for any of the services at the UCR rate and not based on Medicare until at least after August 5, 2018. Moreover, at this stage of the proceeding, it is not possible for Defendant to even establish when the statute of limitations began to run because Medical Provider was not able to allege the specific date on which Medical Provider received an explanation of benefits ("EOB") or denial of payment from Defendant.

### 1. Medical Provider's Promissory Estoppel and Negligent Misrepresentation causes of action have a three-year statute of limitations.

"To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." *Hensler v. City of Glendale*, 8 Cal. 4th 1, 22, 32 (1994). If a cause of action is based on mistake or some type of deceit the statute of limitations for all causes of actions based on the same nucleus of facts is three-years. *See Agair, Inc. v. Shaeffer*, 232 Cal. App. 2d 513, 517 (1965) ("The fact that a breach of contract is

-16-

involved is not decisive as to the applicable statute of limitations. In *Souza & McCue Constr. Co.* v. *Superior Court*, 57 Cal.2d 508, 511, we held that section 338, subdivision 4 . . ., was applicable where the action was based on a fraudulent breach of a contractual duty.").

Here, Medical Provider's negligent misrepresentation and promissory estoppel causes of action are subject to a three-year, not a two-year, statute of limitation because they are all based on misrepresentations and deceit. Defendant represented that the payment rate was UCR and not Medicare. E.g., FAC ¶¶ 32-35, 141-143. Defendant lied because the payment rate was not based on UCR and was instead based on Medicare. *See id.*

        a.  *Medical Provider's Negligent Misrepresentation cause of action has a three-year statute of limitations and is not barred by the statute of limitations.*

"The limitations period for [Plaintiff]'s fraud and negligent misrepresentation claims is three years." *Broberg v. The Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 920 (2009). Numerous cases including one decided only in 2020 have found the same. *See Stemedica*, 2020 U.S. Dist. LEXIS 111679, at *12 ("Plaintiff's intentional misrepresentation, promissory fraud, promissory estoppel, and negligent misrepresentation claims are subject to a three-year statute of limitations."); *see also Hernandez v. Select Portfolio Servicing, Inc.*, 2016 U.S. Dist. LEXIS 23296, at *10 (C.D. Cal. Feb. 24, 2016); *Ferguson v. JPMorgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 70013, at *17-18 (E.D. Cal. May 20, 2014); *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1196 (2013).

Defendant argues that negligent misrepresentation should only be a two-year statute of limitation. There are a number of cases, some of which Defendant cites, which do indicate that a negligent misrepresentation claim can fall into a two-year statute, however, those cases are based off a failed duty i.e. negligence. Here, there is no allegation that Defendant failed in a duty to Medical Provider. Here, the issue

-17-

is one of misrepresentation or deceit. *See* e.g., FAC ¶¶ 32-35, 141-143. *Ferguson* very clearly lays out the difference in terms of when a three-year and when a two-year statute of limitation will apply. *See*, 2014 U.S. Dist. LEXIS 70013, at 17-18. When misrepresentation, as is the case here, is the ultimate basis for the claims, then a three-year statute is applied. *See id.* However, like in *Ferguson*, "[t]his is not a case where the claim is akin to professional negligence or bad faith[,]" and so a two-year statute of limitations does not apply. *See id.* at 18.

Defendant cites to four cases, *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008), *Ventura County Nat'l Bank v. Macker* ("*Macker*"), 49 Cal. App. 4th 1528, 1531 (1996), *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1317 (2007), and *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1224 (2016), in support of its position that a two-year statute should apply and that Medical Provider's lawsuit was not timely filed. However, as discussed in *Ferguson* (specifically with respect to *Macker*) the cases do not provide Defendant with support as they are not based in our facts relating to Defendant's misrepresentations and deceit. *See* 2014 U.S. Dist. LEXIS 70013, at 17-18.

Medical Provider filed suit on August 5, 2021, in connection with medical services provided on August 4, 2018, June 6, 2019, December 13, 2019, and December 7, 2020. Other than the August 4, 2018 procedure for which there was no way in which Medical Provider could have received a denial before August 5, 2018, all of the procedures took place after August 5, 2018. As a result, Medical Provider's negligent misrepresentation cause of action cannot be said to be barred by the applicable three-year statute of limitations.

>    b.  *Medical Provider's Promissory Estoppel cause of action has a three-year statute of limitations and is not barred by the statute of limitations.*

-18-

Since the gravamen of Medical Provider's promissory estoppel cause of action is based in Defendants' misrepresentations and deceit a three-year statute of limitation applies. *See* <u>Broberg</u>, 171 Cal. App. 4th at 920; <u>Stemedica</u>, 2020 U.S. Dist. LEXIS 111679, at *12. "[T]he court finds that **the statute of limitations for the promissory estoppel claim** in the present case is three years because the gravamen of the promissory estoppel claim is fraud. *Ferguson*, 2014 U.S. Dist. LEXIS 70013, at *15 (emphasis added). "If the gravamen of promissory estoppel claim is fraud, the claim is subject to the three-year statute of limitations applicable to fraud claims." *Moreno v. Wells Fargo Home Mortg*., 2014 U.S. Dist. LEXIS 159349, at *12 (E.D. Cal. Nov. 12, 2014).

Defendant argues that a promissory estoppel cause of action has a two-year statute of limitation. Defendant cites to the same four cases mentioned above with respect to Medical Provider's negligent misrepresentation cause of action. However, none of the cases address a case where the primary issue is one of deceit or misrepresentation as is the case here. *See* e.g., FAC ¶¶ 32-35, 141-143, 147, 152.

Medical Provider filed suit on August 5, 2021, in connection with medical services provided on August 4, 2018, June 6, 2019, December 13, 2019, and December 7, 2020. Other than the August 4, 2018 procedure, for which there was no way in which Medical Provider could have received a denial before August 5, 2018, all of the procedures took place after August 5, 2018. As a result, Medical Provider's promissory estoppel cause of action cannot be said to be barred by the applicable three-year statute of limitations.

### 2. From the pleading it cannot be proven when the statute of limitations began to run or would fully accrue.

"The running of the statute must appear 'clearly and affirmatively' from the face of the complaint. It is not enough that the complaint *might* be time-barred." Weil & Brown, Cᴀʟ. Pʀᴀᴄ. Gᴜɪᴅᴇ: Cᴀʟ. Cɪᴠ. Pʀᴏ. Bᴇꜰᴏʀᴇ Tʀɪᴀʟ (The Rutter Group 2015) ¶7:50 (quoting *Stueve Bros. Farms, LLC v. Berger Kahn,* 222 Cal.4th

303, 321 (2013); *Comm. for Green Foothills v. Santa Clara Cnty. Bd. of Supervisors* (*"Green Foothills"*), 48 Cal.4th 32 (2010); *Roman v. Cnty. of Los Angeles,* 85 Cal.4th 316, 324-25 (2000)) (emphasis added).

Defendant argues by citing to a general case from the 1940's having nothing to do with insurance or health insurance that the statute of limitations begins to run on Medical Provider's causes of action after the completion of services. Mot. 14:7-16. Defendant who very well knows that it does not want medical providers suing them before a medical bill has even been submitted to them is again being entirely insincere in its argument. Furthermore, the caselaw expresses this point even if Defendant is trying to deny it. *See, e.g.*, *Prudential-LMI Com. Ins. v. Superior Court*, 51 Cal.3d 674, 678 (1990) (holding that in the insurance context until unequivocal notice is given the statute of limitations is tolled). Within the context of services provided to an insurance plan beneficiary, "[t]he statute is tolled from the time the insured gives notice of the claim to the insurance company until 'the time the insurer formally denies the claim in writing.'" *Migliore v. Mid-Century Ins. Co.*, 97 Cal. App. 4th 592, 604 (2002) (quoting *Prudential-LMI,* 51 Cal.3d at 678).) The relevant date for the statute of limitations is the date on which the insurer sent out the letter of denial or payment to the provider. *See Singh v. Allstate Ins. Co.*, 63 Cal. App. 4th 135, 140 (1998) (stating that the statute of limitations began to run on the date of the denial letter issued by the insurer).

Defendant "alternatively" then argues that the statute of limitations should run from the date Medical Provider received the EOB. Mot. 14:17-27. Defendant cites to *Vishva Dev, M.D., Inc. v. Blue Shield of Cal. Life & Health Ins. Co*., 2 Cal. App. 5th 1218, 1223 (2016) in support of this argument. *Dev* is consistent with the insurance caselaw cited above which indicates that an unequivocal denial must be made for the statute of limitations to accrue. However, *Dev* does not assist Defendant in making its statute of limitations argument, as Defendant cannot argue from the face of the pleadings that Medical Provider **received** unequivocal denial

-20-

**and** that Medical Provider did not file suit within the relevant statute of limitations.

Medical Provider does not indicate the precise date on which it became clear to Medical Provider (perhaps the date Medical Provider received the EOB) that Defendant was lying about the manner in which it was going to pay for the medical services. *See* FAC *generally*. ***That*** date, and not the date of the procedure, is the relevant date for the accrual of the statute of limitations. *See Centre for Neuro Skills v. Blue Cross of Cal.,* 2013 WL 5670889, at *7 (E.D. Cal. Oct. 15, 2013) (quoting *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1207 (9th Cir. 1995)) ("The pleadings do not make clear how long after Jon Doe's discharge [medical provider's] claims for negligent misrepresentation and breach of implied contract accrued. The Ninth Circuit has admonished that a 'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"). It is not Medical Provider's obligation in its opposition to this motion to demonstrate that accrual did not occur; it is Defendant's obligation to "clearly and affirmatively" demonstrate that the accrual has occurred "from the face of the complaint." Cal. Prac. Guide ¶7:50. In the absence of a definite date or definite period, a motion to dismiss on statute of limitations grounds cannot succeed and so Defendant's argument fails. *See Green Foothills*, 48 Cal.4th at 42.

## IV.   CONCLUSION

Defendant's arguments are without merit and Defendant's motion to dismiss should be denied. In the event the Court does find merit with respect to any of Defendant's arguments, Plaintiff Medical Provider respectfully requests that Plaintiff Medical Provider be granted leave to amend to cure any defects in the First Amended Complaint. *See Stoner*, 502 F.3d at 1121.

Dated: January 7, 2022                    Respectfully submitted,


                                          /s/Jonathan A. Stieglitz
                                          _____

                                          Jonathan A. Stieglitz
                                          Attorney for Plaintiff,
                                          Beverly Hills Regional Surgery Center,
                                          L.P.

-22-